**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| JODY M. CRAIN, | CIVIL COMPLAINT |
| Plaintiff, | |
| -v- | CASE NO. 4:17-cv-01472 |
| ARC MANAGEMENT GROUP, LLC | |
| Defendant. | DEMAND FOR JURY TRIAL |

**COMPLAINT FOR RELIEF PURSUANT**
**TO THE FAIR DEBT COLLECTION PRACTICES ACT**

Plaintiff, Jody M. Crain, complaining of ARC Management Group, LLC ("Defendant"), states:

### NATURE OF THE ACTION

1.    Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA"), stemming from Defendant's unlawful collection practices.

### JURISDICTION AND VENUE

2.    This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C §1692 and 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Missouri and the events and/or omissions giving rise to the claims made herein occurred within the Eastern District of Missouri.

## PARTIES

4.    Plaintiff, Jody M. Crain ("Mr. Crain"), is a 42 year old natural person residing in Leadwood, Missouri, which falls within the Eastern District of Missouri.

5.    Plaintiff suffers from Crohn's disease.  Due to his medical condition, Plaintiff is unable to work and is in the process of applying for permanent disability income through the Social Security Administration.  *See* Affidavit of Jody M. Crain, a copy of which is attached to this complaint as Exhibit A.

6.    Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

7.    Defendant, ARC Management Group, LLC, is a Georgia limited liability company in the business of collecting consumer debts on behalf of others within the State of Missouri and throughout the United States.  As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8.    Defendant identifies itself as a "full service pre-legal and legal commercial and consumer collection agency that operates nationwide and can litigate when necessary in many states."[1]

9.    Defendant also represents that its "management team has over 100 years of combined experience within debt collections and healthcare industries."  *Id.*

10.    In its correspondences, Defendant identifies itself as a "debt collector."

11.    Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA.

## FACTS SUPPORTING CAUSES OF ACTION

12.    As a result of his poor health, Mr. Crain has amassed a large amount of medical debt owed to various healthcare providers, some of which he has not been able to satisfy.  As a result,

---

[1] *See* https://www.arcmgmt.com.

Mr. Crain regularly receives calls and mail correspondence from debt collection agencies seeking payment from him.

13.     On or around September 12, 2016, Defendant sent Mr. Crain a collection correspondence seeking payment of $258.00 on behalf of Farmington Emergency Group, LLC for medical services rendered on May 18, 2015 ("the subject debt").  A photocopy of the collection correspondence is attached to this complaint as Exhibit B.

14.     Confused by the letter, on or around November 11, 2016, Mr. Crain called Defendant at (866) 510-9754 to inquiry into the subject debt.  *See* Exhibit A.

15.     The phone representative for Defendant who was connected with Mr. Crain's call stated only "business office" upon answering.  *Id*.

16.     Defendant did not disclose that it was a debt collector at any point during the call.  *Id.*

17.     After Mr. Crain provided the file number and other personal identifying information, Defendant's representative stated that Mr. Crain owed a sum of $1,642.00 for medical services rendered on May 18, 2015.  *Id.*

18.     As such, the amount of the subject debt that was disclosed by Defendant to Mr. Crain during the November 11, 2016 call ($1,642.00) was in stark contrast to the amount previously conveyed in the September 12, 2016 letter ($258.00).

19.     Defendant's phone representative provided no explanation as to why Defendant had disclosed grossly conflicting balances regarding the subject debt to Mr. Crain.  *Id.*

20.     Confused by the gross discrepancy between Defendant's representations, and concerned that Defendant may be seeking to collect monies from him that he does not owe and/or has already paid, Mr. Crain reached out to his attorneys for clarification regarding his rights.  *Id.*

21.    Mr. Crain justifiably fears that, absent this Court's intervention, Defendant will continue to use misleading and unlawful methods in its attempts to collect the subject debt from him.

22.    As a result of Defendant's conduct, Mr. Crain was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this claim.

23.    As a result of Defendant's conduct, Mr. Crain is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful business practices described herein.

24.    After a reasonable time to conduct discovery, Mr. Crain believes he can prove that all actions taken by Defendant as described herein were taken willfully, with either the desire to harm Mr. Crain, with knowledge that its actions would very likely harm Mr. Crain, and/or with knowledge that its actions were taken in violation of the law.

### GROUNDS FOR RELIEF

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25.    Plaintiff repeats and re-alleges paragraphs 1 through 24 as though fully set forth herein.

26.    The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of – (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector . . ." 15 U.S.C. §§1692e, e(2)(A), e(10) and e(11).

> "A debt collector may not use unfair or unconscionable means to
> collect or attempt to collect any debt."  15 U.S.C. §1692f.

27.   Defendant violated 15 U.S.C. §§1692e, e(2)(A), e(10), e(11) and f through its collection activities as described in this complaint.  Defendant made false and grossly inconsistent statements to Plaintiff regarding the amount of the subject debt.  Defendant presented Plaintiff with two (2) different balances for the subject debt without any explanation as to why.  Further, by failing to disclose itself as a debt collector during the November 11, 2016 phone call, Defendant violated Section e(11) of the FDCPA.

28.   As an experienced debt collector, Defendant understands that it has an affirmative duty not to make false, deceptive or misleading statements in connection with its collection activities.  Here, Defendant initially claimed that Plaintiff owed $258.00; then, less than a month later, without any explanation or accounting, Defendant changed its position and claimed that Plaintiff owed $1,642.00 in connection with the exact same account/services/date-of-service.  This unfair and misleading conduct rightfully forced Plaintiff to question the validity of Defendant's claim to the subject debt in the first place.

29.   As pled in paragraphs 20 through 23 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection activity as outlined herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jody M. Crain, respectfully requests that this Court enter judgment in his favor as follows:

a)   Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b)   Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. §1692k(a)(2)(A);

c)   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d)   Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. §1692k(a)(3); and

e)   Awarding any other relief as this Court deems just and appropriate.

Dated:  May 8, 2017                    Respectfully Submitted,

                                        _/s/ Geoff B. McCarrell_____
                                        Geoff B. McCarrell, Esq., 0086427OH
                                        David S. Klain, Esq.
                                        CONSUMER LAW PARTNERS, LLC
                                        435 N. Michigan Ave., Suite 1609
                                        Chicago, Illinois 60611
                                        Direct: (267) 422-1000 x 8001
                                        Fax: (267) 422-2000
                                        geoff.m@consumerlawpartners.com

                                        *Counsel for Plaintiff*

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

                                        _/s/ Geoff B. McCarrell_____
                                        Geoff B. McCarrell, Esq., 0086427OH
                                        CONSUMER LAW PARTNERS, LLC